UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLIND BUILDERS, INC.<br><br>Plaintiff,<br><br>v.<br><br>BLINDS SHADE AND SHUTTER FACTORY<br><br>Defendant. | Civil Action No.: 22-cv-3508<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Blind Builders, Inc. ("Plaintiff"). by and through its attorneys, hereby bring this Complaint against Defendant Blinds Shade and Shutter Factory ("Defendant").

## PARTIES

1. Plaintiff is a corporation organized under the laws of Pennsylvania with a principal place of business located at 418 W. Street Rd., Feasterville, PA 19053.

2. On information and belief, Defendant Blinds Shade and Shutter Factory is a corporation organized under the laws of Pennsylvania with a principal place of business located at 404 Easton Rd., Warrington, PA 18976.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  Subject matter jurisdiction over Plaintiff's related common law claims are proper pursuant to 28 U.S.C. § 1338 and 1367.

4. This Court has personal jurisdiction over Defendant because Defendant is a corporation under the laws of the State of Pennsylvania. Defendant is doing business in the State

of Pennsylvania and has caused injury to Plaintiff and its intellectual property and competitive position within the State of Pennsylvania and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. § 28 U.S.C. §§ 1391(b) and (c).

6. This Court may properly exercise personal jurisdiction over Defendant because Defendant is a Pennsylvania corporation with a place of business located within this district, provides services directly to citizens residing in this District, operates an online web presence marketing to citizens residing in this District, hence a substantial part of the events giving rise to the claims occurred in this District. Among other things, the Defendant is engaging in acts of trademark infringement in this District.

## NATURE OF ACTION

7. Plaintiff brings this action under the Trademark laws of the United States 15 U.S.C. § 1114, *et seq.* Further, this action is based on the Pennsylvania state law claims of common law trademark infringement, false advertising, and unfair competition, all of which are so related to Plaintiff's claims of federal unfair competition that they form part of the same case or controversy.

## FACTS COMMON TO ALL CLAIMS

8. Plaintiff is a leading seller, installer and repair business for window blinds, shades and shutters in and around the Southeastern Pennsylvania metropolitan area and Greater Delaware Valley area.

9. Plaintiff sells, installs and repairs a wide variety of window blinds, shades and shutters.

10. Plaintiff is a family business created in 1996.

11. Plaintiff is a respected blind, shade and shutter sales, installation and repair business.

12. Plaintiff has an immaculate reputation in the industry based on years of dedication to excellence and service, integrity, and knowledge.

13. Plaintiff has established itself as a high quality blind, shade and shutter sales, installation and repair business in Pennsylvania and the Greater Delaware Valley area.

14. Plaintiff serves the Greater Delaware Valley and surrounding areas.

15. In 2021, Plaintiff sold, installed and/or repaired approximately 6700 units.

16. Plaintiff owns the trademark BLIND DATE registered with the United States Patent and Trademark Office ("USPTO") with registration number 5,962,097 for "retail store services featuring window shades, shutters and blinds" ("BLIND DATE Registration"), filed on December 28, 2017. A true and correct copy of the Registration is attached as Exhibit A.

17. In connection with its goods and services, Plaintiff has used the BLIND DATE Registration Mark ("BLIND DATE Mark") in advertising as identified below.



BLIND DATE in Advertising

4



BLIND DATE on company vehicle

18.     Plaintiff is the sole owner of the BLIND DATE Mark and possesses all rights to enforce the BLIND DATE Mark, including the right to prevent others from using the BLIND DATE Mark and to recover damages caused by infringement or other violations regarding the BLIND DATE Mark.

19.     Plaintiff has used the BLIND DATE Mark in Pennsylvania and interstate commerce in connection with the aforementioned goods and services since at least as early as 1996.

20.      Plaintiff has used the BLIND DATE Mark in Pennsylvania and interstate commerce in connection with its goods and services, and the BLIND DATE Mark is inherently

5

distinctive and designates the Plaintiff by its well-established brand as the source of its goods and services.

21. As a result of its widespread and continuous use of the BLIND DATE Mark in Pennsylvania and interstate commerce to identify the Plaintiff's goods and services, the Plaintiff owns valid and subsisting federal statutory and common law rights to the BLIND DATE Mark.

22. As a result of Plaintiff's extensive use of the BLIND DATE Mark in Pennsylvania and interstate commerce, Plaintiff has built up and owns valuable goodwill that is symbolized by the BLIND DATE Mark. The purchasing public has come to associate the BLIND DATE Mark with Plaintiff.

23. Plaintiff has expended considerable time and resources to develop and maintain the BLIND DATE Mark as a primary source identifier for window blind, shade and shutter sales, installation and repair.

24. Plaintiff has built substantial good will in the minds of the public, such that the BLIND DATE Mark has come to be associated with Plaintiff.

25. The BLIND DATE Mark is a valuable asset for the Plaintiff.

26. Defendant markets and sells goods and services that directly compete with Plaintiff's goods and services.

27. Plaintiff has, and continues to have, exclusive use of the BLIND DATE Mark in the Greater Delaware Valley area which predates Defendant's use of the BLIND DATE Mark.

28. Plaintiff is the senior user of the BLIND DATE Mark. Defendant is using Plaintiff's BLIND DATE Mark in the Greater Delaware Valley area and interstate commerce to reach customers for whom the Plaintiff and Defendant directly compete.

29. Defendant's unauthorized use of Plaintiff's BLIND DATE Mark in the Greater Delaware Valley area and in interstate commerce is creating confusion with Plaintiff's existing customers and harming Plaintiff's well-established brand.

30. Defendant is aware of Plaintiff's superior rights to the BLIND DATE Mark, and has refused to cease use of that mark and t continues to use Plaintiff's BLIND DATE Mark.

31. Defendant's use of Plaintiff's BLIND DATE Mark is likely to create confusion in the minds of reasonable customers, to the detriment of Plaintiff, as to the goods and services which may be rightfully provided by Plaintiff.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT UNDER SECTION 32(a) OF THE LANHAM ACT, 15 U.S.C. §1114

32. Plaintiff realleges by reference the allegations contained in paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Defendant is displaying the BLIND DATE Mark, or marks that are confusingly similar to the BLIND DATE Mark in interstate commerce without authorization from Plaintiff. The Defendant's wrongful use of the BLIND DATE Mark includes, but is not limited to: use in connection with window blind, shade and shutter sales; use on printed materials; digital and printed advertisements, company vehicles, websites, and promotional materials.

34. The Defendant's use of the BLIND DATE Mark is likely to cause and/or has caused confusion, mistake, and/or deception among the trade and purchasers as to the source of the Defendant's services or as to the Defendant's affiliation, connection, approval, or association with Plaintiff.

35. Defendant does not have authorization, license, or permission from Plaintiff to market and sell their services under the BLIND DATE Mark.

36. The Defendant's actions constitute trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

37. The Defendant's trademark infringement has caused, and will continue to cause, Plaintiff to suffer damage to its business, reputation, good will, profits, and the strength of its trademark, and is causing ongoing irreparable harm to Plaintiff for which there is no adequate remedy at law.

38. On information and belief, the Defendant's infringement and other tortious acts complained of herein have been willful and deliberate and represent an attempt by Defendant to misappropriate the goodwill developed by Plaintiff and associated with its BLIND DATE Mark, and Defendant has done so in order to obtain recognition and advantage in the marketplace which they would not otherwise possess.

39. Defendant's trademark infringement and other tortious acts complained of herein have continued after Defendant's actual knowledge of Plaintiff's rights in and to the BLIND DATE Mark.

40. Defendant had actual notice of the BLIND DATE Mark based on Plaintiff's communications with the Defendant about this matter, yet Defendant has continued to use the BLIND DATE Mark. Thus, Defendant's unauthorized use and infringement of the BLIND DATE Mark was, and is, knowing, intentional, and willful.

41. Plaintiff has suffered damages as a result of the Defendant's conduct in an amount to be proven at trial.

## COUNT TWO
## COMMON LAW TRADEMARK INFRINGEMENT

42. Plaintiff realleges by reference the allegations contained in paragraphs 1 through 41 of this Complaint as if fully set forth herein.

7484114.1

43. Plaintiff is the owner of valid, live trademarks.

44. Defendant has used reproductions and/or colorable imitations of Plaintiff's BLIND DATE Mark, without Plaintiff's consent, in the Greater Delaware Valley area in connection with the sale, offering for sale, distribution, or advertising of goods and services. The use by Defendant is likely to cause confusion.

45. Plaintiff is the senior user of the BLIND DATE Mark. There is a likelihood of confusion between Plaintiff's marks and Defendant's use of the marks.

## COUNT THREE
## UNFAIR COMPETITION/FALSE ADVERTISING (LANHAM ACT, SECTION 43(a))

46. Plaintiff re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-45 of this Complaint.

47. Further, the creation of Plaintiff's products and services, and associated good will, required the investment of extensive time, labor, skill and money. The Defendant has used Plaintiff's BLIND DATE Mark to sell goods and services that are in competition with the Plaintiff's goods and services. Defendant has been burdened with little or none of the expenses incurred by Plaintiff. There has been commercial damage to the Plaintiff.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. Enter upon hearing, an injunction ordering that Defendant, their agents, servants, employees and all other persons in privity or acting in concert with Defendants, be enjoined permanently thereafter from publicly displaying the Plaintiff's protected BLIND DATE Mark.

B.	Enter an order requiring Defendant, jointly and severally, to account to Plaintiff for any and all profits derived by Defendant and for all damages sustained by Plaintiff by reason of Defendant's acts complained of herein.

C.	Award Plaintiff compensatory damages in an amount yet to be determined for Defendant's acts complained of herein and/or statutory damages.

D.	Award Plaintiff exemplary damages in an amount to be determined at trial for the willful, deliberate, and malicious acts of Defendant.

E.	Award Plaintiff their reasonable attorneys' fees and costs of suit herein;

F.	Award Plaintiff pre-judgment and post-judgment interest; and

G.	Grant Plaintiff such other and further relief, legal and equitable, as this Court shall deem just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**VOLPE KOENIG**

Date: September 1, 2022          By:   */s/Thomas A. Mattioli*
                                       John J. O'Malley, PA ID No. 68222
                                       Thomas A. Mattioli, PA ID No. 90812
                                       Volpe and Koenig, PC
                                       30 South 17th Street, Suite 1800
                                       Philadelphia, PA 19103
                                       215.568.6400
                                       JOMalley@vklaw.com
                                       TMattioli@vklaw.com

                                       *Attorneys for Plaintiff*